Richard T. **ARMANTROUT** et al., Appellants,

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

No. 77–1626.

United States Court of Appeals, Seventh Circuit.

Heard Dec. 1, 1977.

Decided Feb. 10, 1978.

Rehearing and Rehearing En Banc Denied March 14, 1978.

Paul A. Teschner, Chicago, Ill., for appellants.

M. Carr Ferguson, Asst. Atty. Gen., William S. Estabrook, III, Atty., Tax Division, Dept. of Justice, Washington, D. C., Leon G. Wigrizer, Acting Chief Counsel, Internal Revenue Service, Washington, D. C., for appellee.

Before CUMMINGS and WOOD, Circuit Judges, and GRANT, Senior District Judge.[*]

PER CURIAM.

Three married couples,[1] the husbands being employees of Hamlin, Inc., filed petitions in the Tax Court to obtain a redetermination of income tax deficiencies asserted by the Commissioner of Internal Revenue for the years 1971, 1972 and 1973.[2] Because the three cases involved the same legal question, they were consolidated for trial by the Tax Court which rendered an opinion in favor of the Government. 67 T.C. 996. All six petitioners filed a notice of appeal.

The petitions alleged that the three male petitioners were employed by Hamlin, Inc., a Delaware corporation, which manufactures, distributes and sells electronic components, with two plants in Wisconsin and one in Mexico. Educo, Inc., a Delaware corporation, engages in designing, implementing and administering college educational benefit plans for corporate employers, including Hamlin.

In September 1969, Educo and Hamlin entered into an agreement under which Educo agreed to administer a plan (Educo Plan) to provide funds for certain educational and related expenses of children of key Hamlin employees. The plan was suggested by petitioner Owens. Hamlin agreed to make payments to a Chicago bank as trustee, and Educo agreed to direct the trustee to pay expenses of qualified children of Hamlin employees incurred in attending college, university, or trade and vocational schools in the continental United States. In certain circumstances, a qualified child would forfeit his right to receive payments under the Educo Plan, and subject to Hamlin's directions the forfeited funds would then be applied for the benefit of other children involved in the Educo Plan or against Hamlin's scheduled future payments to the trustee.

When the Educo Plan went into effect in 1969, twenty-seven children of twelve key employees of Hamlin were covered, and the benefits they received were without respect to compensation paid by Hamlin to their parents. Subsequently benefited children included three Armantrouts, three Peppers and a son of the Owens. For the taxable years in question, the Commissioner adjusted the petitioners' taxable income by add-

---

[*] Senior District Judge Robert A. Grant of the Northern District of Indiana is sitting by designation.

1. Petitioners' wives were included in the lawsuits only because joint returns were filed by all.

2. The deficiencies for Mr. and Mrs. Armantrout were for 1971, 1972 and 1973; for Mr. and Mrs. Pepper, 1973; and for Mr. and Mrs. Owens, 1971.

ing the amounts their children received as Educo Plan benefits in those years.[3]

In the Commissioner's Answers, he asserted that the educational payments to the petitioners' children were paid as a part of the pattern of their respective fathers' employment, and that "[b]ecause of this direct relation to the [male] petitioner's employment the amounts are compensation includable in the petitioner's income." Three stipulations of facts were filed at the commencement of the one-day trial in Milwaukee, Wisconsin. Five witnesses testified and various exhibits were received by the Tax Court judge. Eight months thereafter, after considering the briefs of the parties, he handed down a decision in the Commissioner's favor and approving the deficiencies previously determined, citing 26 U.S.C. §§ 61 and 83.[4] The judge's findings of fact and opinion are reported in 67 T.C. 996. We adopt them as our own and add the following comments:

This case is a branch of *Educo, Inc. v. Alexander,* 557 F.2d 617 (7th Cir. 1977). There Educo, represented by same counsel as petitioners, attacked a Revenue Ruling that Educo-type plan benefits constitute deferred compensation to corporate employees, so that amounts contributed by the employer would be deductible only in the taxable year in which an amount attributable to the contribution would be included in the gross income of those employees on whose behalf the contributions had been made. Educo also argued there that the children rather than the parents should pay the income taxes on the educational benefits provided. Since Educo was unable to show that the Government could not prevail, we held that the exception to the Anti-Injunction Act (26 U.S.C. § 7421(a)) was inapplicable, so that the district court had properly denied equitable relief. In the present case we reach the merits of the question whether the parents are taxable on the educational benefits and hold that they are.

 This case is controlled by the seminal principle reaffirmed in *United States v. Basye,* 410 U.S. 441, 450, 93 S.Ct. 1080, 35 L.Ed.2d 412, that one who earns income may not avoid taxation through anticipatory arrangements. First, from Hamlin's perspective, as the Tax Court judge found, the Educo payments are actually part of the compensation earned by these three Hamlin employees. As he concluded, the amounts paid under the Educo Plan were compensatory in nature because the plan "was adopted by Hamlin to relieve its most important employees from concern about the high costs of providing a college education for their children. It was hoped that the plan would thereby enable the key employees to render better service to Hamlin." Second, from the employees' perspective, because the Educo program was designed to attract and satisfy key employees, because arms-length negotiation exists between the parties (compare *Teschner v. Commissioner,* 38 T.C. 1003 (1962)), and because it is admitted that the employees "all wanted it" (Tr. 34), it cannot be assumed that the petitioners were not without control of the manner

---

**3.** Although the Armantrouts' petition claimed that their children received $1,481.99 in scholarships in 1971, the subsequent first stipulation of facts showed that the amount was $1,035.85; that was the amount the Commissioner added to their parents' taxable income for 1971.

**4.** Section 61 defines gross income as "all income from whatever source derived," including first of all "Compensation for services." Section 83 provides that where property is transferred to any person (here the children) other than the person for whom the services are performed (here Educo), the performer of the services (here the fathers) must pay income tax on amounts calculated under Sections 83 and 402(b) of the Internal Revenue Code. Whether the Commissioner uses Section 61 or Section 83, the alleged tax deficiencies would come out the same because they are based entirely on the Educo benefits paid. Nor is the question of liability affected by the choice of Sections given our view of petitioners' compensation (discussed *infra*) because the Educo Plan fits within the terms of compensation for services under Section 61 and may also qualify within the more specific language of Section 83. Therefore, like the Tax Court, we need not choose between the Section 61 and Section 83 routes, nor need we decide whether Section 83 applies only to stock plans. Cf. *Sakol v. Commissioner,* 67 T.C. 986, 989–991 (1977).

in which they were compensated. Cf. *United States v. Basye,* 410 U.S. 441, 452, 93 S.Ct. 1080, 35 L.Ed.2d 412. As the Tax Court judge found, there is no evidence to indicate that petitioners were unable to bargain with Hamlin about the terms of their employment and the available avenues of compensation. As *Basye* held, it is immaterial that the payments were never received by taxpayers, for " 'the first principle of income taxation [is] that income must be taxed to him who earns it.' *Commissioner v. Culbertson,* 337 U.S. 733, 739–740, 69 S.Ct. 1210, 93 L.Ed. 1659 (1949)." 410 U.S. at 449, 93 S.Ct. at 1086. To paraphrase *Basye,* despite the novelty and ingenuity of this arrangement, the Hamlin employees' base compensation in the form of Educoplan payments was income to them and should have been reported as such. 410 U.S. at 453, 93 S.Ct. 1080. To hold otherwise would foster easy tax evasion, especially since counsel at oral argument said he could make the same contention if the payments were made to petitioners' needy older relatives.

■ At oral argument (repeated in a post-argument letter), taxpayers' counsel cited numerous authorities not contained in his brief without giving previous notice to Government counsel. Although this violated Circuit Rule 11, we have examined those authorities and find them inapposite to these facts. Because in reality the Commissioner is only taxing personal service income to the persons who perform the services and because petitioners are not without control over the manner in which they are compensated, there is no merit to petitioners' argument that the tax violates the Fifth and Sixteenth Amendments. See *Sakol v. Commissioner,* 67 T.C. 986 (1977).

The decisions are affirmed.