VIRGIL DAVID FULTON and MARTHA PATRICIA FULTON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fulton v. Commissioner
Docket No. 2064-80.
United States Tax Court
T.C. Memo 1983-17; 1983 Tax Ct. Memo LEXIS 771; 45 T.C.M. (CCH) 502; T.C.M. (RIA) 83017; January 11, 1983. Martha Patricia Fulton, pro se. James J. Everett, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a deficiency in petitioners' 1976 Federal income taxes in the amount of $1,199. The sole issue before us is whether the fair market value of the education furnished to petitioners' three children *772 during 1976 is includable in petitioners' gross income under section 61 [1] and taxable to them in such year. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Virgil David Fulton (hereinafter Mr. Fulton) and Martha Patricia Fulton (hereinafter Mrs. Fulton), husband and wife, resided in Fort Worth, Texas, when they filed their petition in this case. Petitioners filed a joint Federal income tax return for their 1976 taxable year. During 1975 and 1976, Mr. Fulton was an employee of Bell Helicopter International, Inc. (hereinafter Bell). In April 1975, Mr. Fulton was sent by Bell to Tehran, Iran, to work on company business. By October 1975, Mr. Fulton's family consisting of his wife and three children joined him in Iran. During 1976, Mrs. Fulton was also employed by Bell in Iran. Under Iranian law, petitioners' children were required to attend school in Tehran. During 1976, petitioners enrolled all three of their children in the Tehran American School, a private school, in compliance with Iranian law. Two of petitioners' children attended school *773 on a full-day basis throughout 1976, but their youngest child only attended school on a half-day basis during the second-half of such year. The petitioners did not personally pay the costs involved in sending their children to the Tehran American School. In the notice of deficiency, respondent determined that the fair market value of the education provided to petitioners' children at the Tehran American School was an economic benefit furnished to petitioners because of their employment relationship with Bell. Respondent further determined that the fair market value of such education totalled $6,000 for that year. [2]
OPINION We must determine whether the value of the education furnished to petitioners' three children during 1976 is includable in petitioners' income for that year. Respondent maintains that the value of such education is taxable to petitioners. We agree. Respondent's determination is presumptively correct and petitioners have the burden of proving otherwise. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules *774 of Practice and Procedure. Petitioners have failed to present any evidence to show that the private education provided to their children during 1976 was not an economic benefit furnished to petitioners in connection with their employment with Bell in Iran. Clearly, whether Bell paid for the costs of such education or made arrangements with the government of Iran to furnish such education, the value of this compensating benefit represents income which is taxable to petitioners. [3] See section 61(a)(1); section 1.61-2(d)(1), Income Tax Regs. See also Armantrout v. Commissioner,67 T.C. 996 (1977), affd. per curiam 570 F. 2d 210 (7th Cir. 1978), where we held that the taxpayers received taxable income equaling the amounts paid to their children for education expenses by a trust which was funded by the taxpayers' employer. See also Grant-Jacoby, Inc. v. Commissioner,73 T.C. 700, 706-708 (1980). *775 Since petitioners have failed to come forward with any evidence to disprove respondent's determination that the private education provided to petitioners' children was furnished to them in connection with petitioners' employment with Bell, we agree with respondent that the value of such education is includable in petitioners' income for 1976. We do think, however, that the record shows that respondent's determination as to the value of such education is excessive. On brief, respondent explained that he valued the private education furnished to petitioners' children at $2,000 per child even though he agrees with petitioners that their youngest child only attended the Tehran American School on a half-day basis during the second-half of 1976, while petitioners' other children attended such school on a full-day basis throughout that year. Consequently, we think that the value of the education furnished to petitioners' youngest child schould be one-fourth, or $500, of the value which respondent has determined for each of petitioners' other two children. Thus, we hold that petitioners' taxable income should only be increased by $4,500 as a result of the education provided to their *776 children during 1976. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. We note that a portion of petitioners' 1976 earned income was excluable pursuant to section 911(c)(1)(A).↩
3. Petitioners did not present any evidence as to who actually paid the cost of their children's private education at the Tehran American School. At trial, Mrs. Fulton testified that she was unaware of the cost of such education because neither she nor Mr. Fulton personally paid the cost of their children's education.↩