John C. SAUNDERS and Ellen W. Saunders, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 83–4284

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 5, 1983.

Bradford D. Corrigan, Jr., James A. Keller, Dallas, Tex., for petitioners-appellants.

John H. Menzel, Director, Tax Litigation Div., Michael L. Paup, Chief, Appellate Section, Glenn L. Archer, Jr., Asst. Atty. Gen., Thomas M. Preston, Ann B. Durney, Justice Dept., Tax Div., Washington, D.C., for respondent-appellee.

Before GEE, POLITZ and JOHNSON, Circuit Judges.

POLITZ, Circuit Judge:

This appeal presents the question whether funds distributed by an educational trust, established by a medical corporation-employer for the benefit of the children of its employees, were taxable as income to a physician-employee under the assignment of income doctrine. The Tax Court concluded that the income was taxable to the physician under either section 61 or 83 of the Internal Revenue Code of 1954, 26 U.S.C. §§ 61, 83. We agree and affirm.

*Facts*

Dr. John C. Saunders [1] incorporated John C. Saunders, M.D. and Associates, a professional association, for the purpose of engaging in the practice of medicine. Dr. Saunders owned 95% of the shares of the corporation, was the only physician employed by it, and expended 100% of his professional work effort for the corporation's advantage. The other corporate employees included nurses and receptionists.

College Educational Plans, Inc. designs and markets education benefit plans which call for an employer to make contributions to a trust which, in turn, provides funds for the college education of the children of designated employees. The Saunders corporation adopted such a plan, ostensibly to attract employees, enhance employee morale, improve productivity and encourage employees to remain in the employ of the corporation. The only children ever designated for benefits were the three Saunders children, Patricia, William and Steven.

As initially written, the plan provided for scholarships. Shortly after the tax court rejected an identical plan, *Armantrout v. Commissioner,* 67 T.C. 996 (1977), aff'd 570 F.2d 210 (7th Cir.1978), the Saunders plan was amended. Under the amendment, eligible recipients were to receive loans instead of scholarship grants.

The education trust distributed funds to Dr. Saunders' children for the 1977–78 academic year. Under the terms of the loan, repayment would be absolved or forgiven under the following conditions:

Twenty-Five (25%) per cent of the total amount of such loan plus interest thereon shall be cancelled for each complete year . . . which beneficiary is a member of the Armed Forces of the United States, or is in service as a volunteer under the Peace Corps Act, or is engaged in the full-time practice of medicine in an area in the United States that has been designed by the Department of Health, Education and Welfare as a physician deficient area, or

is engaged in service as a full-time teacher in a public or other non-profit elementary or secondary school or college or university . . . .

One (1%) per cent of the total amount of such loan plus interest thereon shall be cancelled for each ten (10) hours of service as a volunteer for any charitable organization qualified under Section 501(c)(3) of the Internal Revenue Code of 1954 upon certification of performance of such volunteer service, in form satisfactory to [Educational Plans] by a responsible official to said charitable organization;

The total loan benefit advance during any single year shall be cancelled upon certification in form satisfactory to [Educational Plans] of the Beneficiary's maintaining for the year in question, in the college or university attended, a superior scholastic record as evidenced by any one of the following criteria:

(a) Beneficiary maintained a Grade Point Ratio of at least 3.0 on a 4.0 Grading System;

(b) Beneficiary was ranked in the top twenty-five (25%) per cent of his class; or

(c) Beneficiary maintained, under the grading system in effect at the college or university attended, a scholastic record equivalent to a "B" Average.

The children met the forgiveness provisions, the loans were canceled, and the children filed appropriate tax returns, reporting the forgiven loans as income.

John and Ellen Saunders maintained before the Tax Court that education cost payments under both the original and revised plans did not constitute taxable income to them. The Tax Court disagreed. Tax Ct. Mem.Dec. (P–H) para. 82,655. Applying the rule announced in *Armantrout,* the court concluded that both plans constituted an assignment of income earned by Dr. Saunders. We agree with the conclusion of the Tax Court and that of our colleagues in the Seventh Circuit in *Armantrout.*

---

1. Ellen W. Saunders is a party to these proceedings solely because she filed a joint income tax return with her husband.

Although Saunders originally maintained that both the scholarship and loan plans were valid, the sole issue presented on appeal is the validity of the loan plan. Specifically, does this plan represent an assignment of income?

Under the Internal Revenue Code, federal income tax is imposed on "all income from whatever source derived." 26 U.S.C. § 61. In addition, the Code defines gross income to include property transferred in connection with the performance of services.[2]

■■ "The first principle of income taxation [is] that income must be taxed to him that earns it." *Commissioner v. Culburtson*, 337 U.S. 733, 739–40, 69 S.Ct. 1210, 1212–13, 93 L.Ed. 1659 (1949). One need not personally receive the taxable benefits provided one has the power to determine the recipient. *United States v. Basye*, 410 U.S. 441, 93 S.Ct. 1080, 35 L.Ed.2d 412 (1973). One may not assign income actually earned and thereby avoid the tax impact. *Lucas v. Earl*, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731 (1930). *Armantrout* applies the assignment of income doctrine to employee benefits.

It follows that any taxable benefits received by the Saunders children under the Saunders medical corporation employee-benefit program is taxable income to Dr. Saunders. The essential inquiry is whether the education expense benefits were a valid loan, for loans are not ordinarily taxable income. *See e.g., Anson Beaver v. Commissioner*, 55 T.C. 85 (1970).

■ Whether a certain transaction creates a creditor-debtor relationship is a question of fact for the trier of fact. *Jack Haber v. Commissioner*, 52 T.C. 255 (1969), aff'd 422 F.2d 198 (5th Cir.1970). The Tax Court properly noted in its decision that "[i]n order for such a debtor-creditor relationship to have arisen, both parties to the transaction, at the time the funds were furnished, must have had an actual intent to establish such a relationship," citing *Haber v. Commissioner*; and, *Fisher v. Commissioner*, 54 T.C. 905 (1970). Furthermore, as the Tax Court earlier observed, the "question whether a debtor-creditor relationship is created at the time an advance is received is a question of fact to be determined upon a consideration of all the evidence." *Anson Beaver*, 55 T.C. at 91. Intent is the determinative factor.

Based on all of the evidence presented the Tax Court made a factual finding that no valid creditor-debtor relationship was intended. We are obliged to accept this factual finding unless it is shown to be clearly erroneous.[3]

■ We are cognizant that the contingency of repayment standing alone does not invalidate a loan for tax purposes. *Dunn v. Commissioner*, 615 F.2d 578 (2d Cir.1980); *Island Petroleum Co. v. Commissioner*, 57 F.2d 992 (4th Cir.1932). The record before us contains more than mere contingency.

**2.** 26 U.S.C. § 83 prescribes in pertinent part:

If, in connection with the performance of services, property is transferred to any person other than the person for whom such services are performed, the excess of—

(1) the fair market value of such property (determined without regard to any restriction other than a restriction which by its terms will never lapse) at the first time the rights of the person having the beneficial interest in such property are transferable or are not subject to a substantial risk of forfeiture, whichever occurs earlier, over

(2) the amount (if any) paid for such property,

shall be included in the gross income of the person who performed such services in the first taxable year in which the rights of the person having the beneficial interest in such property are transferable or are not subject to a substantial risk of forfeiture, whichever is applicable.

**3.** The Supreme Court made clear that section 7482 of the Internal Revenue Code, 26 U.S.C. § 7482, which states:

The United States Courts of Appeals shall have the exclusive jurisdiction to review the decisions of the Tax Court ... in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury;

mandates the clearly erroneous standard prescribed by Rule 52 of the Federal Rules of Civil Procedure. *Commissioner v. Duberstein*, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960). We had previously reached that conclusion, *Schultz v. C.I.R.*, 278 F.2d 927 (5th Cir.1960).

We find therein the exceedingly generous forgiveness of loan clauses, the restricted scope of actual recipients, the ease with which recipients qualified for cancellation of loan advances, all coupled with the fact that after the *Armantrout* decision the plan was revised, not as to recipients or qualifications or benefits, but merely to change the title of the funds distributed from scholarship to loan. We are not persuaded that there is error in the Tax Court's finding that no creditor-debtor relationship was actually intended.

We affirm the Tax Court. In doing so we do not imply that any student loan containing forgiveness provisions which is part of an employee benefit plan necessarily constitutes an assignment of income by that employee. Each situation must be separately assessed and analyzed. Today we merely hold that the sums paid by the educational trust established by John C. Saunders, M.D. and Associates, for the educational expenses incurred by or on behalf of the children of John C. Saunders constituted taxable income to John C. and Ellen W. Saunders.

AFFIRMED.