**TEXAS FARM BUREAU,**
**Plaintiff-Appellee,**

v.

**UNITED STATES of America,**
**Defendant-Appellant.**

No. 82–1355.

United States Court of Appeals,
Fifth Circuit.

May 21, 1984.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Chief, Appellate Sec., Robert T. Duffy, Jo Ann Horn, Tax Div., Dept. of Justice, Washington, D.C., for defendant-appellant.

Peeler Williams, Jr., Waco, Tex., Hugh W. Davis, Jr., Arlington, Tex., for plaintiff-appellee.

ON PETITION FOR REHEARING AND
SUGGESTION FOR REHEARING
EN BANC

(Opinion February 21, 1984, 5 Cir.,
1984, 725 F.2d 307)

Before CLARK, Chief Judge, GOLDBERG and POLITZ, Circuit Judges.

PER CURIAM:

Appellee seeks rehearing on the basis that the Court's holding in this case, that the "debt versus contribution to capital" issue presents primarily a question of law, conflicts with existing Fifth Circuit authority. While we do not agree with this contention, we pause briefly to fit the holding in this case more securely into the Circuit's jurisprudence.

Between the time this case was argued and the time that the panel decided it, *Saunders v. Commissioner of Internal Revenue*, 720 F.2d 871 (5th Cir.1983) was decided. *Saunders* involved funds distributed by an educational trust established by an employer-corporation for the benefit of its employees' children. In that case, the Court affirmed a Tax Court finding that the funds distributed by the trust were taxable as income to the corporation's employee. Applying the "clearly erroneous" standard of review, the Court stated that, "[w]hether a certain transaction creates a creditor-debtor relationship is a question of fact for the trier of fact," and that, "[i]ntent is the determinative factor." Ap-

pellee argues that *Saunders* is inconsistent with the panel's holding in this case. Our view of the two cases, however, suggests otherwise.

Although both cases pose the general question of whether a debtor-creditor relationship has been created, they arise from two different and discrete factual contexts. In the debt versus equity area, involving transactions between a corporation and an entity with an interest in that corporation, this Court has developed a set of objective factors to aid courts in making the determination whether the particular transaction creates debt. *Slappey Drive Ind. Park v. U.S.*, 561 F.2d 572, 582 (5th Cir.1977); *Estate of Mixon v. United States*, 464 F.2d 394, 402 (5th Cir.1972); *Montclair, Inc. v. Commissioner of Internal Revenue*, 318 F.2d 38 (5th Cir.1963). Furthermore, decisions of this Court establish beyond peradventure that in the Fifth Circuit debt-equity determination is ordinarily a question of law to be decided by the court. *Slappey Drive Ind. Park, supra,* 561 F.2d at 582, n. 17; *Estate of Mixon, supra,* 464 F.2d at 402; *Tyler v. Tomlinson,* 414 F.2d 844, 850 (5th Cir. 1969). Although in some situations intent may play an important role in debt-equity determinations, *Estate of Mixon, supra,* 464 F.2d at 407, courts look to intent only when other relevant, objective factors regarding the transaction fail to clearly indicate either debt or equity. *Id.; Tyler v. Tomlinson, supra,* 414 F.2d 844.

In deciding this case, we carefully analyzed the facts surrounding the relevant transaction and concluded that, despite certain differences, the transaction closely resembled a transaction between a corporation and its shareholder. We concluded that, consistent with the general rule in the area of debt-equity, intent should not be determinative. An analysis of the transaction's relevant, objective factors unambiguously indicated that Texas Farm Bureau had made a contribution to capital to its offspring corporation and not

a loan. In *Saunders,* on the other hand, the Court made no such analogy between the transaction at issue and the debt-equity situation. *Tyler v. Tomlinson, supra,* and its progeny were nowhere mentioned; rather, intent was declared to be determinative. Thus Fifth Circuit law, with respect to distinguishing debt from compensation, is different from the law with respect to distinguishing debt from contributions to capital. However, the court's choice in *Saunders* not to place primary reliance upon a "legal evaluation" of objective factors, does not affect the long line of precedent in the debt-equity area.

For the same reasons that *Saunders* is distinguishable, we find that this case is not controlled by *Byram v. United States,* 705 F.2d 1418 (5th Cir.1983). In that case, the Court held that "the purpose for holding property ... is a question of intent and motive," and "as such, it is a question of pure fact." *Id.* at 1423. The facts in *Bryam* called for distinguishing "capital assets" from assets held "primarily for sale to customers in the ordinary course of [the taxpayer's] trade or business."[1] This is a wholly different task from the one in the case at bar. The very words, "purpose for holding property" suggest that intent and motive should be pivotal in making the necessary determination. Conversely, there is nothing about the task of distinguishing debt from equity that necessarily calls for consideration of subjective belief. A party could earnestly believe that a certain advance to a corporation fits the party's individualized notion of "debt," but that notion might range far from a definition of debt derived from business community norms or from the law.

Finally, in *distinguishing* this case from *Saunders* and *Byram,* we pause to reaffirm our conviction that the holdings of *Tyler v. Tomlinson, supra, Estate of Mixon, supra* and *Slappey Drive. Ind. Park, supra,* remain solidly entrenched as law in this Circuit. Our high technology age has yet to produce an accurate, dependable means for determining a man's subjective

1. 26 U.S.C. § 1221.

beliefs. At least until such a development occurs, reliance on more objective types of evidence is generally desirable. This Court has chosen this latter path with respect to resolving debt versus equity controversies. We need not under the facts of this case, deviate from letter or logic of that precedent.

The Petition for Rehearing is DENIED, and no member of this panel nor judge in regular active service on the court having requested that the court be polled en banc (Federal Rules of Appellate Procedure and Local Rule 35), the Suggestion for Rehearing En Banc is DENIED.