WYNN M. STEPHENS, PETITIONER v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 17301-83.      Filed June 22, 1987.

Wynn M. Stephens, pro se.
*George E. Gasper*, for the respondent.

OPINION

FAY, *Judge*: This matter is before the Court on petitioner's motion to vacate filed pursuant to Rule 162.[1] For the reasons set forth below, petitioner's motion is granted in part.

A trial was held in this case on December 2, 1986. At that time, petitioner stated that he had no evidence to present to the Court. Respondent orally moved that the case be dismissed for failure to properly prosecute. The Court then granted respondent's motion with respect to the deficiencies and additions to tax as determined in the notice of deficiency. The Court took under advisement respondent's motion that the United States be awarded damages pursuant to section 6673. On April 13, 1987, this Court filed a memorandum findings of fact and opinion, T.C. Memo. 1987-196, determining that the United States should be awarded damages of $1,000. On April 23, 1987, this Court entered an order and decision incorporating both the oral dismissal for failure to properly prosecute and the memorandum findings of fact and opinion. It is this order and decision which petitioner requests that we vacate.

Petitioner resided in Slaton, Texas, at the time he filed his petition herein.

In T.C. Memo. 1987-196, we concluded that the arguments raised by petitioner—"that the Internal Revenue Code is unconstitutional, that wages are not income, that wages earned by a married person while a resident of Texas are not income, and that a deduction for wages not earned is proper"—were frivolous. We noted that these last two

---

[1]All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954 as amended and in effect during the taxable years in issue.

arguments had already been decided against petitioner in *Stephens v. Commissioner*, T.C. Memo. 1980-131. Petitioner again argues in his motion to vacate that wages of a married person while a resident of Texas are not income.

This argument of petitioner has been twice rejected by this Court. In the most recent rejection, petitioner was clearly informed that this argument was frivolous. It is inconceivable that petitioner could in any way expect this Court to vacate its order and decision based upon this same frivolous argument. The request, based on this argument is, in and of itself, egregious. The only possible purpose petitioner could have had in filing his motion to vacate was to delay the proceedings before this Court.

Section 6673 authorizes this Court to award damages to the United States whenever it appears that a taxpayer instituted or maintained a proceeding before this Court primarily for delay, that the taxpayer's position in such proceeding is frivolous or groundless, or, with respect to proceedings commenced after October 22, 1986, that the taxpayer unreasonably failed to pursue available administrative remedies. Petitioner maintained the proceedings before this Court, by filing a frivolous motion to vacate, primarily for delay. Accordingly, we grant petitioner's motion in that we hold that the United States is entitled to damages pursuant to section 6673 in the amount of $2,000: $1,000 for the reasons stated in T.C. Memo. 1987-196, and $1,000 for the reasons stated herein. The granting of respondent's oral motion to dismiss for failure to properly prosecute is unaffected by this opinion.

To reflect the foregoing,

*Decision will be entered for the respondent, and an appropriate order will be issued.*