T.C. Memo. 1998-222


UNITED STATES TAX COURT


IVAN ANDRE ZAAL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10758-97.                    Filed June 24, 1998.


Ivan Andre Zaal, pro se.

<u>Candace M. Williams</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Chief Judge</u>:  Respondent determined a deficiency in petitioner's Federal individual income tax for 1994 in the amount of $37,364 and an accuracy-related penalty under section 6662(a) in the amount of $7,472.80.

Unless indicated otherwise, all section references are to the Internal Revenue Code in effect for the year in issue.

After concessions by petitioner, the issues for decision are (1) whether petitioner is liable for taxes on $113,081 in insurance renewal commissions that petitioner assigned to American Keystone Group, Inc., and (2) whether petitioner is liable for the substantial understatement penalty under section 6662(a) for 1994.

### FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Plano, Texas, at the time this petition was filed.

Petitioner was an independent contractor at Pennsylvania Life Insurance Co. (Penn Life) from June 1974 through January 1994. Petitioner earned commissions on the insurance policies he sold on behalf of Penn Life. Petitioner and Penn Life contractually agreed that petitioner would receive commissions on certain policies petitioner personally sold while an independent contractor at Penn Life, when and if those policies renewed.

Petitioner and Penn Life also contractually agreed that, after petitioner's employment with Penn Life was terminated, petitioner would continue to participate in the profits of Penn Life pursuant to a schedule to which petitioner and Penn Life agreed. During 1994, pursuant to the contractual agreements

between petitioner and Penn Life, petitioner earned commissions in the amount of $225,319.

Petitioner founded American Keystone Group, Inc. (AKG), on May 23, 1994. During 1994, petitioner transferred AKG to his brothers, Michael Zaal and Chris Zaal. On or about August 1, 1994, petitioner assigned his rights under the contract with Penn Life to AKG. In total, during 1994, petitioner assigned $113,081 of Penn Life commissions to AKG.

On his 1994 Federal income tax return, petitioner included $113,835 of the $225,319 in Penn Life commissions in his gross income. Petitioner also earned commissions of $1,582 from Time Insurance Co., and he received $6,878 from the sale of stocks/bonds and dividend income of $32 both from Smith Barney, Inc.

OPINION

Renewal Commissions

Petitioner contends that $113,081 in renewal commissions paid by Penn Life in 1994 is not taxable to him because he sold them to AKG, which actually received the payments. Respondent contends that the payment of the commissions to AKG instead of to petitioner was an anticipatory assignment of income, and petitioner is liable for taxes on the commissions.

We agree with respondent. The applicable legal principles are well established, although stated in various ways:

[An] entity earning the income--whether a partnership or an individual taxpayer--cannot avoid taxation by entering into a contractual arrangement whereby that income is diverted to some other person or entity. Such arrangements, known to the tax law as "anticipatory assignments of income," have frequently been held ineffective as means of avoiding tax liability. * * *

United States v. Basye, 410 U.S. 441, 449-450 (1973); Caruth Corp. v. United States, 865 F.2d 644, 648 (5th Cir. 1989) (one who earns income cannot escape tax upon the income by assigning it to another).

"[I]f one, entitled to receive at a future date * * * compensation for services, makes a grant of it by anticipatory assignment, he realizes taxable income as if he had * * * received the salary and then paid it over." Commissioner v. P.G. Lake, Inc., 356 U.S. 260, 267 (1958). "One need not personally receive the taxable benefits provided one has the power to determine the recipient. United States v. Basye, 410 U.S. 441." Saunders v. Commissioner, 720 F.2d 871, 873 (5th Cir. 1983), affg. T.C. Memo. 1992-655.

An individual cannot escape tax on income to which he is entitled by "turning his back" upon that income. If he has received the income or had a right to receive the income, he is taxable thereon. See Teschner v. Commissioner, 38 T.C. 1003, 1009 (1962).

Petitioner argues that he sold property to AKG and is no longer liable for tax on the income from that property. State

law creates legal interests, but Federal law determines when and how they are taxed.  <u>Burnet v. Harmel</u>, 287 U.S. 103, 110 (1932); <u>Brown v. United States</u>, 890 F.2d 1329, 1337 n.9 (5th Cir. 1989). Although the assignment of the right to receive income may be the transfer of a property right under State law, it may also be an anticipatory assignment of income under Federal income tax law. <u>C.M. Thibodaux Co. v. United States</u>, 915 F.2d 992, 996 (5th Cir. 1990).

In order to support his argument, petitioner relies on the dissent in <u>Helvering v. Eubank</u>, 311 U.S. 122 (1940).  The <u>Eubank</u> majority, however, held that the assignment of renewal contracts for insurance commissions was an assignment of income rather than an assignment of property, <u>id.</u> at 125, and that the commissions were taxable to the assignor.  <u>Id.</u> at 124.

We hold that the $113,081 in renewal commissions is taxable to petitioner.

Substantial Understatement Penalty

Section 6662(a) imposes an accuracy-related penalty of 20 percent on any portion of an underpayment of tax that is attributable to items set forth in section 6662(b)(2).  Section 6662(b) specifies as one of those items "Any substantial understatement of income tax."

An "understatement" is the amount by which the tax required to be shown on the return for the taxable year exceeds the tax

that is actually shown on the return. Sec. 6662(d)(2)(A). An understatement is "substantial" if the amount exceeds the greater of 10 percent of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A). Petitioner's omission from his tax return of insurance renewal commissions in the amount of $113,081 results in a substantial understatement.

Petitioner may avoid liability for the accuracy-related penalty in either of two ways. First, if there is or was substantial authority for petitioner's tax treatment of any portion of the understatement, that portion would be excluded from the penalty computation. Sec. 6662(d)(2)(B)(i).

To determine whether the treatment is supported by substantial authority, the weight of the authorities in support of petitioner's position must be substantial in relation to the weight of the authorities supporting contrary positions. Antonides v. Commissioner, 91 T.C. 686, 700-704 (1988), affd. 893 F.2d 656 (4th Cir. 1990); sec. 1.6662-4(d)(3), Income Tax Regs. There are no authorities that support petitioner's treatment. Indeed, the weight of the authorities, discussed supra, clearly rejects petitioner's treatment of the renewal commissions. Thus, petitioner does not qualify under this exception.

Second, petitioner's liability could be reduced if petitioner had adequately disclosed the relevant facts on his tax return and there was a reasonable basis for the treatment of the

item by petitioner. Sec. 6662(d)(2)(B)(ii). Here, petitioner neither disclosed the omitted $113,081 renewal commissions on his tax return nor did he have a reasonable basis for their omission.

We hold that petitioner is liable for the penalty under section 6662(a) for 1994.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.