T.C. Memo. 2010-226


UNITED STATES TAX COURT



HARRY EUGENE MATHEWS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3074-09.                    Filed October 19, 2010.



        After P failed to file his 2004 tax return, R
determined a deficiency in income tax and additions to tax
under sec. 6651(a)(1) and (2), I.R.C.  P contested the
deficiency, arguing that a State court garnishment order was
fraudulent and improperly caused the payment of his military
retirement funds to his former spouse and that he should not
be taxed on these funds.

        <u>Held</u>:  P is liable for the deficiency and for
additions to tax under sec. 6651(a)(1) and (2), I.R.C.

        <u>Held</u>, <u>further</u>, P is liable for a sec. 6673, I.R.C.,
penalty.



Harry E. Mathews, pro se.

<u>Nancy L. Karsh</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, Judge:  After a concession by respondent,[1] the issues for decision are:

(1) Whether petitioner's military retirement pay is includable in gross income;

(2) whether petitioner is liable for an addition to tax under section 6651(a)(1) for failure to file his 2004 tax return;[2]

(3) whether petitioner is liable for an addition to tax under section 6651(a)(2) for failure to pay his 2004 taxes; and

(4) whether the Court should impose a penalty under section 6673 for petitioner's advancement of frivolous or groundless arguments in proceedings instituted primarily for protest or delay.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulations of the parties, with accompanying exhibits, are incorporated herein by this reference.  At the time he filed his petition with this Court, petitioner resided in Florida.

---

[1] See infra note 6.

[2] All section references are to the Internal Revenue Code of 1986, as amended and in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioner served in the U.S. Air Force for 20 years before retiring as a master sergeant. For his service petitioner is entitled to military retirement pay (MRP). For 2004 the gross amount petitioner was entitled to receive as his MRP was $1,322 per month.[3] However, petitioner executed a Veterans Administration waiver pursuant to which he waived receipt of $205 each month.[4]

The Defense Finance and Accounting Service (DFAS) is the agency responsible for disbursing petitioner's MRP. For each month of 2004 the DFAS withheld approximately $716 from petitioner's MRP, $461 of which was subject to a Texas State court garnishment order for child support, and deposited the balance into petitioner's bank account. No withholdings were made for Federal income taxes.[5]

---

[3]All amounts have been rounded to the nearest whole dollar.

[4]Petitioner was entitled to both an MRP and disability benefits from the Veterans Administration (VA). However, retirees are barred from receiving concurrent payments of both MRP and VA disability benefits unless certain exceptions are met, including that the retiree have a VA disability rating of 50 percent or more. 38 U.S.C. secs. 5304 and 5305 (2006); 10 U.S.C. sec. 1414 (2006). Petitioner stated at trial that his disability rating was 20 percent but he believed it should have been 40 percent. Instead of receiving the full amount of the MRP that a retiree is entitled to, the retiree can file an election waiving receipt of the portion of the MRP equal to the amount of the VA disability benefit awarded. 38 U.S.C. sec. 5305. Presumably, it is advantageous for a retiree to file such a waiver because the VA disability benefit is excluded from gross income under sec. 104(a) and (b) whereas the MRP constitutes taxable income.

[5]Neither party addressed why Federal income taxes were not withheld from petitioner's MRP.

Petitioner did not file a Federal income tax return for 2004.  Therefore, respondent prepared a substitute for return for petitioner under section 6020(b) showing a total amount due of $1,872.[6]  On December 29, 2008, on the basis of this substitute for return, respondent mailed to petitioner at his last known address a notice of deficiency for the 2004 taxable year showing a deficiency of $1,872 and additions to tax under section 6651(a)(1) and (2) of $421.20 and $402.48, respectively.

Petitioner timely petitioned this Court.  In his petition as well as in other filings made with this Court and at trial petitioner made broad arguments disputing the validity of the Texas State court garnishment order.  He claims widespread fraud, racial discrimination, and theft, conspiracy, and corruption on the part of various governmental entities instead of identifying or advancing specific arguments as to why he was not liable for the deficiency or the additions to tax.

This Court waived the filing fee for cause pursuant to petitioner's request.  A trial was held in Miami, Florida.

---

[6]The substitute for return showed gross income of $13,340 consisting of petitioner's MRP and after allowing a standard deduction of $4,850 and personal exemption of $3,100 arrived at a taxable income of $5,390 on which respondent determined a deficiency of $538.  Respondent also determined an additional deficiency of $1,334 under sec. 72(t) for an early withdrawal from a qualified retirement plan.  Respondent has since acknowledged that sec. 72(t) does not apply and petitioner is not liable for the $1,334 additional deficiency.

## OPINION

As stated above, petitioner has failed to identify or advance specific arguments as to why he was not liable for the deficiency or additions to tax.  Thus, petitioner fails to meet the requirement of Rule 34(b)(4) that a petition contain "Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability."  Even ignoring petitioner's failure to satisfy Rule 34(b), for the reasons set forth in this opinion we will sustain the deficiency and additions to tax.

## I.  Whether Petitioner's MRP Is Taxable

As a general rule, the Commissioner's determination of a taxpayer's liability in the notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is improper.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  However, pursuant to section 7491(a), the burden of proof on factual issues that affect the taxpayer's tax liability may shift to the Commissioner where the "taxpayer introduces credible evidence with respect to * * * such issue."  The burden will shift only if the taxpayer has, inter alia, complied with applicable substantiation requirements and "cooperated with reasonable requests by the Secretary for witnesses, information, documents, meetings, and interviews".

Sec. 7491(a)(2). Petitioner did not raise the burden of proof issue, did not introduce any credible evidence, and failed to comply with the substantiation requirements. Accordingly, the burden of proof remains on petitioner.

Petitioner's main argument is that the garnishment order issued by the Texas State court is fraudulent and "More than a million dollars have been stolen through a very eleborate [sic] scam."[7] Court records show this is at least the fifth time petitioner has raised this argument.[8]

For reasons discussed below, this Court holds that (1) petitioner's MRP, including the amount garnished, is included in gross income and (2) this Court lacks jurisdiction to decide whether the Texas State court garnishment order is fraudulent.

---

[7]At trial, during cross-examination of respondent's witness, petitioner stated his taxable income should be lower because his VA waiver should be based on a disability rating of 40 percent instead of 20 percent. See supra note 4 discussing the impact of a higher disability rating on such a waiver. However, petitioner never raised this issue in his petition or any other pretrial motion, never fully addressed the issue at trial, and never filed a posttrial brief. Therefore, we deem this issue conceded. See Levin v. Commissioner, 87 T.C. 698, 722-723 (1986), affd. 832 F.2d 403 (7th Cir. 1987); Zimmerman v. Commissioner, 67 T.C. 94, 105 n.7 (1976). Further, even if this issue had been fully laid out, we lack jurisdiction to decide it. See Oppenheimer v. Commissioner, T.C. Memo. 1986-537. We also lack jurisdiction to decide Texas State child support issues.

[8]In one case, Mathews v. Commissioner, T.C. Memo. 2005-84, we granted respondent summary judgment. Two cases, docket Nos. 18366-90 and 5762-02L, were dismissed for lack of jurisdiction. A fourth case, docket No. 11601-05S, was dismissed for failure to state a claim upon which relief can be granted pursuant to Rule 34.

A. <u>Whether Petitioner's MRP Is Includable in Gross Income</u>

Section 61(a)(11) expressly defines gross income to include pensions. Petitioner's "Military retirement pay is pension income within the meaning of sec. 61(a)(11)." <u>Wheeler v. Commissioner</u>, 127 T.C. 200, 205 n.11 (2006), affd. 521 F.3d 1289 (10th Cir. 2008); see also <u>Eatinger v. Commissioner</u>, T.C. Memo. 1990-310; sec. 1.61-11, Income Tax Regs.

The fact that part of petitioner's MRP was garnished does not change this result. "The discharge by a third person of * * * [a taxpayer's obligation] is equivalent to receipt by the person taxed." <u>Old Colony Trust Co. v. Commissioner</u>, 279 U.S. 716, 729 (1929); see also <u>Young v. Commissioner</u>, 113 T.C. 152, 157 (1999), affd. 240 F.3d 369 (4th Cir. 2001). The fact that the transfer is involuntary, such as by garnishment, has no significance. See, e.g., <u>Tucker v. Commissioner</u>, 69 T.C. 675, 678 (1978); <u>Chambers v. Commissioner</u>, T.C. Memo. 2000-218 (holding amounts garnished from employee's wages for alimony and child support were includable in employee's income), affd. 17 Fed. Appx. 688 (9th Cir. 2001); <u>Vorwald v. Commissioner</u>, T.C. Memo. 1997-15 (holding that amounts transferred from taxpayer's retirement account to his former spouse in garnishment proceeding constituted deemed distributions to taxpayer from his retirement account and were, therefore, includable in his income).

A portion of petitioner's MRP was garnished pursuant to a Texas State court garnishment order for child support. The garnished funds were paid to satisfy a legal obligation petitioner owed and thus constitute petitioner's gross income.

B.   Whether This Court Has Jurisdiction to Address the Validity of a Texas State Court Garnishment Order

Petitioner asserts that the Texas State court garnishment order is a result of fraud. This Court, as petitioner has been told on several occasions, lacks jurisdiction to address petitioner's allegations of fraud that may have occurred during the garnishment proceedings in the Texas State court. Child support determinations are matters of local law, and we are not permitted to reassess the merits of those judgments. See, e.g., Blair v. Commissioner, 300 U.S. 5, 9-10 (1937) (holding that the validity of a trust assignment is a matter of local law and a State court's determination with regards to such assignment is not reviewable by this Court);[9] Chambers v. Commissioner, supra

_____

[9]This Court recognizes that in Commissioner v. Estate of Bosch, 387 U.S. 456, 465 (1967), the Court held that where the Federal estate tax liability turns upon the character of a property interest under State law, Federal authorities are not bound by a lower State trial court's determination of such property interest. Estate of Bosch has no effect on this case because a Texas State court's determination of petitioner's rights vis-a-vis his former wife is not relevant to our determination that petitioner is liable for Federal income taxes on money garnished to pay child support. Further, we note that in the case at hand, we are simply acknowledging the binding effect of a State court child support judgment rather than concluding State law should take precedence over Federal tax law. See C.M. Thibodaux Co. v. United States, 723 F. Supp. 367 (E.D. La. 1989) (stating that whether or not taxpayer made a transfer

(continued...)

(refusing to address the validity of a garnishment order for alimony and child support after taxpayer alleged his civil rights had been violated in the underlying divorce proceedings).

The Court recognizes that petitioner does not agree with the Texas State court ruling regarding his child support obligations and subsequent garnishment.  But we cannot address those allegations, and petitioner has not shown a basis for excluding any amount of his MRP from gross income.  Therefore, the entire amount of petitioner's MRP, including the portion garnished, is included in gross income.

II.  <u>Whether Petitioner Is Liable for the Additions to Tax Under Section 6651(a)(1) and (2) for the 2004 Taxable Year</u>

Generally, "any person made liable for any tax * * * shall make a return or statement according to the forms and regulations prescribed by the Secretary."  Sec. 6011(a).  Section 6651(a)(1) provides that in the case of a failure to file a return on time, there is imposed, unless it is shown that such failure is due to reasonable cause and not due to willful neglect, an addition to tax of 5 percent of the tax required to be shown on the return for each month or fraction thereof for which there is a failure to file, not to exceed 25 percent.

---

[9](...continued)
under State law did not matter in characterizing the interest for Federal income tax purposes), affd. 915 F.2d 992 (5th Cir. 1990); see also <u>United States v. Boulware</u>, 384 F.3d 794, 804 (9th Cir. 2004) (questioning the effect of <u>Estate of Bosch</u> outside the area of estate tax law).

Section 6651(a)(2) provides for an addition to tax of 0.5 percent per month up to 25 percent for failure to pay the amount shown or required to be shown on a return unless it is shown that such failure is due to reasonable cause and not due to willful neglect.[10]

The respondent bears the burden of production with regard to the section 6651(a)(1) and (2) additions to tax.[11] Sec. 7491(c); see Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). To meet his burden, respondent must produce sufficient evidence establishing that it is appropriate to impose the additions to tax. Id.

As stipulated, petitioner admits that he did not file his 2004 tax return and that he has not paid his 2004 taxes. Further, petitioner has not presented any evidence that such failure to file and pay was due to reasonable cause and not willful neglect. Respondent has thus met his burden of production and accordingly, we sustain the additions to tax under both section 6651(a)(1) and (2).

---

[10]The sec. 6651(a)(1) addition to tax is reduced by the amount of the sec. 6651(a)(2) addition to tax for any month (or fraction thereof) to which an addition to tax applies under both sec. 6651(a)(1) and (2). See sec. 6651(c)(1).

[11]We acknowledge that petitioner failed to assign any error to the additions to tax, and therefore petitioner is deemed to have conceded them and respondent is relieved of the burden of production. Because respondent nonetheless met the burden of production, we briefly acknowledge he did so. See Funk v. Commissioner, 123 T.C. 213, 217-218 (2004); Swain v. Commissioner, 118 T.C. 358, 363-365 (2002).

III. Section 6673 Penalty

Section 6673(a)(1) gives this Court discretion to "require the taxpayer to pay to the United States a penalty not in excess of $25,000" whenever it appears that:

> (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay,

> (B) the taxpayer's position in such proceeding is frivolous or groundless, or

> (C) the taxpayer unreasonably failed to pursue available administrative remedies * * *

A position "is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986). Petitioner's unsupported argument is frivolous or groundless.[12] Petitioner is a habitual nonfiler who has failed to pay the taxes due on his MRP and failed to advance any specific argument as to why he is not liable for the deficiency. Petitioner persists in arguing that his MRP was wrongfully garnished despite the fact that this Court has rejected this argument on jurisdictional grounds on several occasions.[13]

---

[12]See Mathews v. Commissioner, T.C. Memo. 2005-84, where petitioner made the same argument as in this case and we stated: "The Court considers petitioner's position in this case to be frivolous or groundless."

[13]Petitioner has not filed a Federal income tax return for any year going as far back as 1976. He has instituted at least five separate proceedings in this Court. See supra note 8. In fact, in his petition in Mathews v. Commissioner, supra, he stated: "I have filed a petition each year for the past 18

(continued...)

Courts have ruled that arguments to avoid tax obligations and requirements, such as those arguments petitioner espouses are groundless and wholly without merit.  See <u>Williams v. Commissioner</u>, T.C. Memo. 1999-277 (imposing section 6673 penalty for tax-protester arguments); <u>Morin v. Commissioner</u>, T.C. Memo. 1999-240 (same); <u>Sochia v. Commissioner</u>, T.C. Memo. 1998-294 (same).

> Groundless litigation diverts the time and energies of judges from more serious claims; it imposes needless costs on other litigants.  Once the legal system has resolved a claim, judges and lawyers must move on to other things. They cannot endlessly rehear stale arguments.  Both appellants say that the penalties stifle their right to petition for redress of grievances.  But there is no constitutional right to bring frivolous suits, see <u>Bill Johnson's Restaurants, Inc. v. NLRB</u>, 461 U.S. 731, 743 * * * (1983).  People who wish to express displeasure with taxes must choose other forums, and there are many available. * * * [<u>Coleman v. Commissioner</u>, <u>supra</u> at 72.]

In addition to advancing a frivolous or groundless argument, petitioner appears to have instituted this proceeding primarily for delay.  Section 6673 "was intended to apply to situations where a taxpayer repeatedly brings the same appeal * * * after having been informed that his basis * * * is groundless." <u>Greenberg v. Commissioner</u>, 73 T.C. 806, 814 (1980).  In <u>Dew v. Commissioner</u>, 91 T.C. 615, 626 (1988), the Court imposed a section 6673 penalty against taxpayer, when he "persisted in

_____

[13](...continued)
years.  All you ever do is steal my filing fee."

pursuing" the case even after being told his position was frivolous or groundless. In Dew v. Commissioner, supra at 626, the Court stated that "it seems inescapable that petitioner * * * instituted or at least maintained the proceedings primarily for delay." In Stephens v. Commissioner, 88 T.C. 1529, 1531 (1987), as in Coulter v. Commissioner, 82 T.C. 580, 582-583 (1984), the Court imposed a section 6673 penalty after the taxpayer repeated an argument that was deemed frivolous or groundless. By comparison, petitioner has raised the same frivolous or groundless argument in no less than five separate proceedings.

Notwithstanding petitioner's repeated failure to file returns and incessant frivolous claims regarding the State court's ordered monthly child support, we note petitioner's case resulted in respondent's concession of over half the determined tax deficiency. At trial respondent conceded the section 72(t) additional tax.[14] Therefore, the petition was initially neither frivolous nor dilatory in the sense that it caused to surface a meritorious section 72(t) issue and resulted in respondent's

---

[14]Respondent's concession is presumably based upon sec. 72(t)(2)(A)(iv), which provides that the 10-percent additional tax does not apply to distributions which are "part of a series of substantially equal periodic payments (not less frequently than annually) made for the life (or life expectancy) of the employee".

concession of over half the deficiency.[15]  However, once respondent conceded this issue at the beginning of the trial, petitioner's resolute determination to proceed with his child support issue and argument was frivolous and resulted in a delay in resolving his case.  Further, after the trial had concluded, petitioner continued to send this Court frivolous packets of information such as newspaper clippings and copies of letters sent to individuals including Katie Couric, Diane Sawyer, Brian Williams, President Barack Obama, Tim Geithner, and Ann Curry regarding this issue.

The imposition of a section 6673 penalty should come as no surprise to petitioner.  We have given petitioner repeated warnings that he was in danger of being penalized.  For example, in Mathews v. Commissioner, T.C. Memo. 2005-84, we told petitioner:

---

[15]Even though the filing of the petition resulted in respondent's concession of the sec. 72(t) additional tax, petitioner never specifically alleged in his petition that he did not owe it.  In fact, none of petitioner's filings ever addressed this issue except as to their general implied objection to any tax deficiency.  It was purely fortuitous that respondent had improperly determined a sec. 72(t) additional tax and, recognizing this error, conceded it at the start of the trial.  Rather, the petition started and ended with the allegation that "More than a million dollars have been stolen through a very elebaorate [sic] scam.  This scam can not and will not be exposed because of the high profile status of the thieves."  The petition went on to accuse both the "IRS and US Tax Court" of "racial prejudice and discrimination."

It is necessary to give petitioner a word of warning. The Court considers petitioner's position in this case to be frivolous or groundless. It also appears that he has instituted or maintained these proceedings primarily for delay. * * * Petitioner is hereby warned that the Court will not hesitate to impose a penalty under section 6673(a) against him in any appropriate case in the future.

At the commencement of trial in this case this Court reminded petitioner of the prior admonishment, reading directly from the earlier opinion as well as stressing that we did not have jurisdiction over the validity of the Texas State court garnishment order. We told petitioner to restrict the prosecution of his case to issues involving his 2004 Federal income tax deficiency or we would not hesitate to impose a section 6673 penalty against him.

Petitioner responded to such warnings with allegations imputing corruption and fraudulent schemes to various governmental entities as well as accusations of racial bias. This Court then warned petitioner again that arguing issues we have no jurisdiction over is frivolous or groundless and manifestly for delay. Petitioner did not heed these numerous warnings. Instead, his trial testimony as well as the filings made in this case largely constitute an ongoing diatribe against "old crooked judges", "papers fraudulently obtained", "fictitious orders", "Texas being backwards", and racial prejudice against "black men in Texas".

In an effort to deter petitioner from continuing to file frivolous or groundless petitions, this Court concludes that a section 6673 penalty of $500 is appropriate. It is "inappropriate that taxpayers who promptly pay their taxes should have the cost of Government and tax collection improperly increased by citizens apparently unwilling to obey the law or shoulder their assigned share of the Government cost." Burke v. Commissioner, 124 T.C. 189, 197 (2005).

We note that $500 does not "begin to indemnify the United States for the expenses which petitioner's frivolous and groundless action" have caused. Coulter v. Commissioner, supra at 585. But if petitioner persists in instituting and maintaining frivolous and groundless claims, we will be inclined to impose a significantly higher section 6673 penalty in the future. We call petitioner's attention to Wheeler v. Commissioner, T.C. Memo. 2010-188, a case that involved facts very similar to those at hand.

In Wheeler, the taxpayer received MRP from the DFAS but refused to report it as income. In holding the taxpayer liable for the deficiency and imposing the maximum section 6673 penalty because modest penalties had not deterred the taxpayer, the Court noted that "'given the further fact that petitioner's military

retirement income is funded by taxpayer dollars, petitioner's persistence in pursuing a tax protest agenda is inexcusable'" and "A penalty in the maximum amount of $25,000 is appropriate when lesser amounts have not deterred a taxpayer's defiance of the tax laws and of the rulings of the courts."  Id. (quoting January 11, 2008, order and order to show cause).

The Court has considered all of petitioner's contentions, arguments, requests, and statements.  To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

Decision will be entered under Rule 155.